UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN LUCAS, ARONZO DAVIS, and NORMAN GREEN, on behalf of themselves and similarly situated laborers, | ) ) ) ) ) | No. 13 CV 1524 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| GOLD STANDARD BAKING, INC., PERSONNEL STAFFING GROUP, LLC d/b/a MVP, | ) ) ) ) | |
| Defendants. | ) ) | April 24, 2017 |

## MEMORANDUM OPINION and ORDER

Before the court is Defendant Personnel Staffing Group, LLC d/b/a Most Valuable Personnel's ("MVP") motion challenging the "attorneys' eyes only" ("AEO") designation for portions of nonparty Rosa Ceja's[1] deposition testimony. For the following reasons, the motion is granted:

## Background

Plaintiffs allege in this case that Defendants denied them employment because of their race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. (R. 322, Fifth Am. Compl. ¶ 1.) MVP is a "temporary staffing agency" with an office in Cicero,

---

[1] Ceja is not a party in this case but has filed separate lawsuits against MVP. *See Ceja v. MVP*, No. 16 CV 8741, Dkt. Entry 12 (N.D. Ill.) (case dismissed on Nov. 18, 2016); *Ceja v. MVP*, No. 15 CV 10546, Dkt. Entry 50 (N.D. Ill.) (case dismissed on Nov. 17, 2016). Attorneys for Plaintiffs represented Ceja in those lawsuits. *Id.*

Illinois, which "provides temporary labor personnel to third party clients," including Defendant Gold Standard Baking, Inc. ("GSB"). (R. 326, MVP's Ans. ¶¶ 16, 49.) Plaintiffs accuse GSB and MVP of "engaging in a discriminatory practice of assigning almost exclusively Latino employees to work at [GSB]," to the detriment of African American workers. (R. 322, Fifth Am. Compl. ¶ 71.)

In November 2014 Plaintiffs attached to a response brief a declaration signed by Ceja and disclosed her as a nonparty witness. (R. 393, MVP's Mem. at 2.) Plaintiffs describe the declaration as "outlining in devastating detail the specific ways in which MVP engaged in the making of discriminatory assignments to GSB." (R. 404, Pls.' Resp. at 6, Ex. E.) Plaintiffs later disclosed a declaration from Pamela Sanchez and also identified her as a nonparty witness. (R. 393, MVP's Mem. at 6.) MVP previously employed Ceja and Sanchez as dispatchers, (id. at 1; R. 404, Pls.' Resp. at 1), but neither of them has worked for MVP for more than two years, (R. 393, MVP's Mem. at 6).

MVP deposed Ceja on January 24, 2017. (Id.) MVP asked Ceja how she became involved in this case. (Id. at 2-3.) As part of that questioning, MVP asked Ceja about communications with Sanchez. (Id.) Plaintiffs' attorney Christopher Williams objected on the basis that the information sought was "covered by the National Labor Relations Act ["NLRA"] in terms of employee communication." (Id., Ex. A, Ceja Dep., Jan. 24, 2017, at 116:23-117:16.) Williams allowed Ceja to answer MVP's questions, but designated her testimony related to communications between

2

Ceja and Sanchez as AEO ("Designated Testimony").[2] (Id., Ex. B.)  MVP disagreed and reserved the right to contest the AEO restriction.  (Id., Ex. A, Ceja Dep. at 116:23-121:1.)

**Analysis**

MVP challenges Plaintiffs' AEO restriction for the Designated Testimony. (R. 388, MVP's Mot.)  District courts have broad discretion over discovery issues. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014).  Although generally "'pretrial discovery must take place in the public,'" *In re Aqua Dots Prods. Liab. Litig.*, No. 08 CV 2364, 2009 WL 1766776, at *1, *4 (N.D. Ill. June 23, 2009) (quoting *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979)), a court may limit discovery if a subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 45(d)(3)(B)(i).[3]  "Before restricting discovery, the court should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the

---

[2] Portions of the Designated Testimony relate to Ceja's sexual harassment charges against a former MVP supervisor.  (R. 388, Ex. B, Ceja Dep. 123:21-125:5.)  Ceja made public disclosures regarding these allegations in a lawsuit she filed against MVP.  *See Ceja*, No. 16 CV 8741, Dkt. Entry 1 at ¶¶ 1-3, 18-40.  Plaintiffs do not argue that this testimony requires an AEO designation.

[3] Plaintiffs did not move to quash the subpoena served on Ceja, as they did with respect to a nonparty in a separate lawsuit against MVP.  *See Pruitt v. MVP*, No. 16 CV 5079, Dkt. Entry 167 (N.D. Ill.).

3

particular case." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citations omitted).

Plaintiffs argue that Sections 7 and 8 of the NLRA protects the confidentiality of Ceja's communications with Sanchez. (R. 404, Pls.' Resp. at 1-2, 4-8.) Section 7 provides that "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157 (2017). Section 8 provides that "[i]t shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in Section 7. *Id.* § 158(a)(1). But even if the subject conversations between Ceja and Sanchez were had for purposes of engaging in concerted activities, Sections 7 and 8 do not support the AEO designation in this case.

The National Labor Relations Board ("NLRB") has established a three-part test to determine the legality of discovery relating to employees' protected concerted activities: "(1) the questioning must be relevant; (2) if the questioning is relevant, it must not have an 'illegal objective'[;] and (3) . . . the employer's interest in obtaining the information must outweigh the employees' Section 7 confidentiality interests." *See Am. Broad. Cos.*, 33 N.L.R.B. AMR 70 (May 24, 2006) (citing *Guess?, Inc.*, 339 N.L.R.B. 432, 434 (2003)). As to the first factor, there is no genuine dispute that MVP's questioning of Ceja regarding her motivation for becoming involved in the

4

present case is relevant to MVP's non-discrimination defenses.[4] (R. 393, MVP's Mem. at 5-6.) Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Discovery requests are relevant if there is a possibility that the information sought may be relevant to the subject matter of the action. *Clark v. Ruck,* No. 13 CV 3747, 2014 WL 1477925, at *2 (N.D. Ill. April 15, 2014).

MVP's questions about how Ceja became involved in this case are relevant to its defense of this action. Ceja, a former MVP dispatcher, is a "key witness" for Plaintiffs. (R. 393, MVP's Mem. at 2-3, 5; R. 404, Pls.' Resp. at 6.) Plaintiffs describe Ceja's declaration as "outlining in devastating detail the specific ways in which MVP engaged in the making of discriminatory assignments to GSB." (R. 404, Pls.' Resp. at 6, Ex. E.) And, Plaintiffs have relied heavily upon Ceja's attestations in pursuing their case. (R. 393, MVP's Mem. at 2, 4-5.) The Designated Testimony relates to Ceja's possible motive for becoming involved in this case and her alleged bias against MVP. (Id. at 5-6.) As such, this information may affect her "credibility and the weight that should be given to [her] accusations" at trial. (Id.)

---

[4] Plaintiffs assert that the Designated Testimony is not relevant, (R. 404, Pls.' Resp. at 1, 2, 8), but they do not explain why it does not satisfy the Rule 26(b)(1) relevance standard.

5

Furthermore, MVP's questioning of Ceja does not have an "illegal objective." As purported evidence of an improper motive, Plaintiffs point to complaints filed with the NLRB showing MVP's history of allegedly "abusive" litigation tactics. (R. 404, Pls.' Resp. at 4-8, Exs. B, J.) Those complaints relate to state court actions that MVP brought against individuals who are not named plaintiffs in this case. (Id.) One of the complaints cited is from an Illinois defamation action filed by MVP against Ceja.[5] (Id., Ex. J.) *See MVP v. Ceja*, No. 15 L 31 (Ill. Ct. Cl., Lake Cty.). But the cases involving MVP and Ceja as named parties are now "fully closed." (R. 409, MVP's Reply at 4.) In any event, Plaintiffs make no connection between those complaints and MVP's conduct in this litigation. (Id.)

On the other hand, MVP offers a legitimate objective for its questioning of Ceja: to defend itself, MVP must discover Ceja's reasons and motivations for participating as a nonparty witness in this case and explore any bias she may have against MVP. (R. 393, MVP's Mem. at 5-6.) Under the current AEO designation, MVP is restricted from questioning Sanchez about the Designated Testimony. Courts have recognized the "hobbl[ing]" effect that an opponent may experience in litigation when a party restricts who may view certain information. *See Meharg v. AstraZeneca Pharms. LP*, No. 08 CV 184, 2009 WL 2960761, at *3 (S.D. Ind. Sept. 14, 2009) (quoting *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 08 CV 548, 2009

---

[5] The allegedly defamatory statements pertain to a Facebook posting by Ceja that read (as translated in English): "If any MVP (Most Valuable Personal [sic]) are owed hours, have been victims of abuse, please send me a message. There are people interested in ending the injustices they are doing. Please share." (R. 404, Pls.' Resp., Ex. J ¶ 12.)

6

WL 311125, at *8 (W.D. Mich. Feb. 9, 2009)). To be sure, MVP's attorneys may not share relevant facts from the Designated Testimony with their client, thereby "leav[ing] [MVP] in a difficult position to assess whether the arguments put forward on its behalf are meritorious." *Global Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015); *see also Motorola, Inc. v. Lemko Corp.*, No. 08 CV 5427, 2010 WL 2179170, at *5 (N.D. Ill. June 1, 2010). Accordingly, MVP has legitimate reasons for questioning Ceja about her communications with Sanchez.

With respect to the third factor, whether MVP's interest in obtaining the information outweighs Ceja's and Sanchez's Section 7 confidentiality interests, a number of facts weigh in MVP's favor. First, Ceja and Sanchez are no longer employed by MVP. (R. 393, MVP's Mem. at 6.) In fact, neither has worked for MVP for more than two years and there is no indication that Ceja or Sanchez is seeking reemployment with MVP. (Id.) Therefore, there is no concern of retaliation by MVP, intimidation of employees, or interference with employees' rights to organize. Second, even though they are nonparties, Ceja and Sanchez voluntarily submitted declarations in this action and Plaintiffs are using them to support their claims. (R. 404, Pls.' Resp. at 6.) Having voluntarily injected themselves into this litigation and offered their testimony as evidence regarding key allegations, neither Plaintiffs nor Ceja can now hide behind alleged Section 7 confidentiality interests as MVP tries to defend itself. *See Am. Broad. Cos.*, 33 N.L.R.B. AMR 70 (finding permissible discovery requests relating to employees' protected concerted activities because the

requests were "clearly relevant," the employees had publicized the union's role in pending civil litigation, and "the [e]mployers' interest in obtaining the information outweighed any harm to employees' Section 7 rights").

Plaintiffs cited NLRB decisions for support, (R. 404, Pls.' Resp. at 3), but they are of no avail to them. Those decisions affirm the NLRB's well-established practice of protecting the identities of union employees because of the "possibility of intimidation by employers who obtain" that information. *Dilling Mech. Contractors, Inc.*, 357 N.L.R.B. 544, 546 (2011). To that end, the NLRB has declared unlawful efforts to discover through civil litigation names of employees who: signed union authorization cards, joined the union, attended union meetings, or were at the union hall. *See id.* at 546; *Guess?, Inc.*, 339 N.L.R.B. at 435; *Wright Elec., Inc.*, 327 N.L.R.B. 1194, 1995 (1999), *enforced* 200 F.3d 1162 (8th Cir. 2000); *Nat'l Tel. Directory Corp.*, 319 N.L.R.B. 420, 421 (1995).[6] But this is not such a case. MVP is seeking an explanation for why two former employees—who voluntarily identified themselves and submitted declarations that go to the heart of Plaintiffs' allegations—became involved in this case.

In deciding to remove the AEO designation for the Designated Testimony, the court is mindful that there is a "presumption of public access to discovery

---

[6] Plaintiffs also cited Administrative Law Judge decisions, which were attached to NLRB orders, but they are similarly inapplicable here. *See Bristol Farms*, 2016 N.L.R.B. LEXIS 485, at *41-42 (July 6, 2016) (discovery requests seeking union members' identities may violate Section 8); *Veritas Health Servs., Inc.*, 2013 N.L.R.B. LEXIS 301, at *39-40 (April 30, 2013) (discovery about employees' union activities may qualify as an unfair labor practice), *vacated by* 2014 N.L.R.B. LEXIS 488 (June 27, 2014), *reinstated by* 2015 N.L.R.B. LEXIS 188 (March 19, 2015).

8

materials," and that the court must make a good-cause determination before shielding relevant information from public disclosure. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 946 (7th Cir. 1999). As the Seventh Circuit has recognized, "the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of Cal. v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000). Here, Plaintiffs have not shown good cause for restricting access to the Designated Testimony. As a result, the AEO designation must be removed.

## Conclusion

For the foregoing reasons, MVP's motion is granted.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**