UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN LUCAS, ARONZO DAVIS, and NORMAN GREEN, on behalf of themselves and similarly situated laborers, | ) ) ) ) ) ) | No. 13 CV 1524 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| GOLD STANDARD BAKING, INC., PERSONNEL STAFFING GROUP, LLC d/b/a MVP, | ) ) ) ) | |
| Defendants. | ) ) | August 8, 2017 |

**MEMORANDUM OPINION and ORDER**

Before the court is Defendant Personnel Staffing Group, LLC d/b/a Most Valuable Personnel's ("MVP") motion to compel third party witness Daisy Corral to produce her retainer agreement with Plaintiffs' attorney, Christopher Williams of Workers' Law Office, PC ("WLO"), and a contact form Corral submitted using WLO's website.[1] For the following reasons, the motion is granted in part and denied in part:

**Background**

Plaintiffs allege in this case that Defendants impermissibly denied them employment because of their race. (R. 322, Fifth Am. Compl. ¶ 1.) MVP is a staffing agency which "provides temporary labor personnel to third party clients,"

---

[1] Corral has already produced a copy of the contact form to MVP, so the court will limit its analysis to the retainer agreement entered into between Corral and WLO.

including Defendant Gold Standard Baking, Inc. ("GSB"). (R. 326, MVP's Ans. ¶ 49.) Plaintiffs accuse GSB and MVP of "engaging in a discriminatory practice of assigning almost exclusively Latino employees to work at [GSB]," to the detriment of African American workers. (R. 322, Fifth Am. Compl. ¶ 71.)

Corral is a former employee of MVP, who was assigned to work at GSB from July 2014 to December 2015. (R. 452, Corral's Resp. at 1.) In August 2016, Corral submitted a contact form through WLO's website and asked to "speak to someone regarding discrimination" at GSB. (Id.) Corral ultimately submitted a declaration as a third-party witness in this case, (see R. 430, MVP's Mot. to Compel ¶ 8), and also retained WLO as her counsel in a separate suit against another entity, Elite Staffing, for unpaid wages and vacation time, (R. 452, Corral's Resp. at 3). According to Corral, Elite Staffing now owns many of MVP's assets and assumed some of GSB's contracts from MVP. (Id. at 3 n.2.)

On December 9, 2016, MVP issued a subpoena for Corral's deposition in connection with this case. (R. 452, Ex. B.) Her deposition was initially scheduled for January 24, 2017. (Id., Ex. C.) However, MVP issued a second subpoena on January 20, 2017, (see R. 456-1; R. 456-2), and contacted Corral's counsel two days later to reschedule her deposition, (see R. 452, Ex. D). The second subpoena requested that Corral not only appear for a deposition but also that she produce certain documents relating to the allegations in this lawsuit. (R. 456-3, Ex. C.) Corral contends that she did not receive the second subpoena. (R. 452, Corral's Resp. at 5.)

2

During her deposition on March 23, 2017, Corral testified that she executed a retainer agreement with WLO. (R. 430, Ex. E at 362:16-18.) MVP requested that she produce a copy of the agreement, and Corral's counsel Williams said he would consider MVP's request. (Id. at 365:19-23.) When it became clear that Corral would not be producing the agreement, MVP filed the current motion to compel. (See R. 456, MVP's Reply at 3.) About a week after MVP filed its motion, Williams sent MVP's counsel an email containing the date of the Corral retainer agreement and an excerpt from the agreement pertaining to the scope of WLO's representation of Corral. (R. 452, Ex. E.) However, MVP argues that it is still entitled to the full retainer agreement because: (1) Corral did not timely object to the document request attached to her subpoena; and (2) the retainer agreement is relevant and not privileged. (R. 456, MVP's Reply at 1-2.) Alternatively, MVP contends that it is at least entitled to a redacted copy of the retainer agreement so that it can be used for cross-examination purposes. (Id. at 4.)

## Analysis

### A.  Failure to Timely Object

Federal law provides the rules of decision in this case, so the discovery issues currently before the court are governed by federal common law. *See* Fed. R. Evid. 501; *In re Pebsworth*, 705 F.2d 261, 262 (7th Cir. 1983) (stating that in non-diversity actions, privileges are matters of federal common law). Federal Rule of Civil Procedure 45 requires written objections to subpoenas to be served within 14 days after the service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B). Failure to timely

3

object to a subpoena can result in waiving any objections the party could have raised. *See Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 996 (N.D. Ill. 2010) (citation omitted). Corral claims that she did not receive the second subpoena requesting documents, which is why she did not object within 14 days. (See R. 452, Corral's Resp. at 2 n.1.) However, MVP has submitted documentation showing that the second subpoena was properly served. (R. 456, MVP's Reply, Exs. A & B.) Corral objected to the subpoena on the basis of relevance and privilege for the first time in her response to MVP's current motion to compel, which was filed well after the allotted 14-day timeframe. Rule 45(e) specifies that when a person withholds subpoenaed material based on a claim of privilege, that person must expressly make the claim and prepare a privilege log. *See* Fed. R. Civ. P. 45(e)(2)(A)(i); *Young v. City of Chi.*, No. 13 CV 5651, 2017 WL 25170, at *6 (N.D. Ill. Jan. 3, 2017) (citations omitted). Corral failed to timely meet either of these requirements.

Despite the untimeliness of Corral's objection, because she is a third-party witness in this case, the court owes her a greater duty of protection. *See Patterson v. Burge*, No. 03 CV 4433, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005) (requiring greater protection for non-parties); *Builders Ass'n of Greater Chi. v. City of Chi.*, No. 96 CV 1122, 2001 WL 664453, at *7 n.4 (N.D. Ill. June 12, 2001). Furthermore, finding a waiver of privilege for procedural violations "is a harsh sanction." *Romary Assocs., Inc. v. Kibbi LLC*, No. 10 CV 376, 2011 WL 4005346, at *3 (N.D. Ind. Sept. 8, 2011) (citations omitted). Waiver "may only be imposed where a party displays

4

willfulness, bad faith, or fault." *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of U.S.*, 406 F.3d 867, 877 (7th Cir. 2005) (quoting *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997)). Good-faith efforts to comply generally weigh against finding waiver while "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Romary Assocs.*, 2011 WL 4005346, at *3 (quoting *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001)).

There is little evidence here to suggest that Corral acted in bad faith. The parties were corresponding before and after the second subpoena was issued. (See R. 452, Exs. C & D); *see also Miller v. City of Plymouth*, No. 09 CV 205, 2011 WL 1740154, at *2 (N.D. Ind. May 5, 2011) (declining to impose waiver sanction in part based on "ongoing correspondence . . . from the time the discovery was served to the time the responses were served and filed"). It also appears that Corral has made efforts to comply, at least in part, with MVP's request by providing a copy of the requested online contact form and excerpts from the subject retainer agreement. (See R. 452, Corral's Resp. at 4 & Ex. E.) Also, MVP does not contend in its motion that it has been prejudiced from any delay in obtaining the information it seeks, nor does it argue that Corral intentionally dragged her feet. *See Young*, 2017 WL 25170, at *7. Accordingly, the court declines to find Corral's privilege objections waived.

## B.     Attorney-Client Privilege and Relevance

Having found no waiver of privilege, the court next considers whether privilege applies to the subject retainer agreement and whether the information therein is relevant. Rule 26 only allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Generally, retainer agreements are not protected by attorney-client privilege. *See Stopka v. Am. Family Mut. Ins. Co., Inc.*, 816 F. Supp. 2d 516, 532-33 (N.D. Ill. 2011). But if the retainer agreement contains legal advice or strategy, it can be held to include privileged information. *See Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 537 (N.D. Ill. 2000). Implicit in Rule 45 is that a subpoena must seek information that is relevant to the underlying action. *See Pac. Century Int'l. Ltd. v. Does 1-37*, 282 F.R.D. 189, 200 (N.D. Ill. 2012). MVP contends that Corral is "a witness heavily relied on in this case" and the connection between Corral and Williams, who also represents Plaintiffs in this case, is "highly relevant" for "how it impacts her credibility, motives, and bias." (R. 456, MVP's Reply at 5.)

Having reviewed the Corral retainer agreement *in camera,* the court finds that the paragraph regarding the scope of representation in the retainer agreement, as well as the agreement date, are relevant to this case, but the rest of the retainer agreement is either privileged because it includes prosecution strategy not related to this case or not relevant to the claims or defenses alleged in this case. Although WLO provided MVP an email reflecting the date of her retainer agreement and an excerpt defining the scope of WLO's representation, this email is not suitable to

serve as an exhibit because Corral is not familiar with the email and does not show her signature. The retainer agreement in its original form must be provided to MVP with other sections of the agreement redacted.

## Conclusion

For the foregoing reasons, MVP's motion to compel is granted in part and denied in part. The motion is granted to the extent that Corral is ordered to produce to MVP a copy of the retainer agreement in its original form, showing only the date of the agreement, the section entitled "Retainer and Authorization," and her signature. The motion is denied as to the remainder of the agreement.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**