# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES ZOLLICOFFER, ANTWOIN HUNT, and NORMAN GREEN, on behalf of themselves and similarly situated laborers, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 13 C 1524 ) ) Judge Sara L. Ellis |
| GOLD STANDARD BAKING, INC., PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiffs James Zollicoffer, Antwoin Hunt, and Norman Green, individually and on behalf of other similarly situated job applicants, filed a sixth amended complaint (the "6AC") against Defendants Gold Standard Baking, Inc. ("GSB") and Personnel Staffing Group, LLC, doing business as Most Valuable Personnel ("MVP"), alleging race discrimination in violation of Title VII and 42 U.S.C. § 1981. Defendants jointly move to dismiss counts III through VI on the basis that Plaintiffs have not exhausted their administrative remedies and so cannot bring a claim under Title VII. GSB further brings a motion to dismiss counts I and II on the basis that Plaintiffs have not alleged a contractual relationship with them, which Defendants argue is necessary to maintain a claim under 42 U.S.C. § 1981. Because Plaintiffs acknowledge in their 6AC that they have not exhausted their administrative remedies, the Court grants Defendants' motion to dismiss counts III through VI with prejudice and strikes the class allegations brought under Title VII. However, Plaintiffs have adequately pleaded that GSB interfered with a

potential contract to which Plaintiffs would have been party, satisfying the requirements of §
1981, and so the Court denies GSB's motion to dismiss counts I and II.

## BACKGROUND[1]

GSB operates an industrial baking facility in Chicago, Illinois, and procures its
employees by hiring them directly and through staffing agencies, including MVP. The majority
of workers at GSB are Latino employees, and almost no African Americans are assigned to work
there. MVP recruits low and moderately skilled laborers, with the majority of its advertisement
conducted in Spanish-language media. When laborers seek an assignment through MVP, they
make themselves available for referral to fill daily assignments at any of MVP's third-party
client companies, including GSB.

Beginning in 2009, the named Plaintiffs sought work assignments at MVP's client
companies, including GSB, through MVP's Cicero office. Although they were qualified to work
at GSB, they were repeatedly not selected to work at GSB. In refusing to assign Plaintiffs to
GSB, MVP was complying with GSB's request not to assign African American workers to its
facility. Plaintiffs also witnessed MVP pass over other qualified African Americans for
assignments at MVP's client companies, including GSB, while other, similarly situated non-
African Americans received assignments at GSB.

On February 27, 2013, Brian Lucas, Aronzo Davis, and Torrence Vaughans filed the
original complaint in this lawsuit. They amended it three times before the Court denied
Defendants' motion to dismiss the third amended complaint. Since then, various combinations
of the plaintiffs in this case have amended the complaint yet another three times, to change the

---

[1] The facts in the background section are taken from Plaintiffs' 6AC and exhibits attached
thereto and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See
Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers,
AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

factual allegations based on information learned in discovery, change the class definition, and swap out the original plaintiffs for the current ones. In the Fifth Amended Complaint, Norman Green replaced Torrence Vaughans as one of the named plaintiffs. In the 6AC, James Zollicoffer and Antwoin Hunt replaced Brian Lucas and Aronzo Davis as named plaintiffs. At this point, none of the original plaintiffs remain in the case, and, although the original plaintiffs filed EEOC charges regarding their claims in this action, none of the current named plaintiffs have done so.[2]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[2] The Defendants note that Plaintiffs Hunt and Green did file EEOC charges against MVP that do not involve GSB, and ask that the Court take judicial notice of those charges as proof that Hunt and Green have "excluded" GSB from their EEOC charges. The Court finds these charges unnecessary for deciding the motion to dismiss because Plaintiffs acknowledge in their 6AC that they have not filed EEOC charges regarding the allegations involved in the 6AC, see Doc. 466 ¶ 10, and so it declines to address these charges.

ANALYSIS

I.  **Defendants' Joint Motions to Dismiss Counts III – VI and Deny Class Certification**

Defendants argue that Plaintiffs' failure to bring EEOC charges related to their claims in the 6AC is fatal to their Title VII claims. They are correct.

As a preliminary matter, the Court notes that while failure to exhaust is typically an affirmative defense plaintiffs do not need to address in their complaint, Plaintiffs have raised the issue themselves within the 6AC. Failure to exhaust administrative remedies is typically an affirmative defense, and "a plaintiff has no obligation to allege facts negating an affirmative defense." *Bibbs v. Sheriff of Cook County*, No. 10 C 7382, 2011 WL 5509556, at *3 (N.D. Ill. Nov. 8, 2011) (internal quotation marks omitted). However, plaintiffs may plead themselves out of court—"[d]ismissal is appropriate in cases where it is clear from the face of the complaint that the plaintiff has failed to exhaust administrative remedies." *Id.* This is precisely what Plaintiffs have done here. In the 6AC, they explicitly acknowledge that "Plaintiffs Zollicoffer, Hunt, and Norman Green have not filed charges with the EEOC." Doc. 466 ¶ 10. In light of this, it is appropriate to address whether Plaintiffs' acknowledgement that none of them have personally exhausted their administrative remedies establishes an affirmative defense to counts III through VI that Plaintiffs cannot avoid.

Plaintiffs also contend that Defendants waived their administrative exhaustion arguments when they did not raise them in response to Plaintiffs' motion to amend the fifth amended complaint. However, issues regarding administrative exhaustion may be brought under a Rule 12(b)(6) motion, *Davis v. Potter*, 301 F. Supp. 2d 850, 855 (N.D. Ill. 2004), and Plaintiffs cite no support for their contention that Defendants waived this issue by not raising it in response to a motion to amend. The only decision that Plaintiffs cite in support of waiver is a case in which

the plaintiffs submitted a motion to reconsider an order granting a motion to dismiss; in deciding the motion to reconsider, the court refused to consider arguments that the plaintiffs did not raise in their response to the motion to dismiss, holding that the plaintiffs forfeited those arguments. *See County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 817 (7th Cir. 2006). This decision is inapplicable here, where Defendants raised their failure to exhaust argument in their original motion to dismiss briefings. Defendants have not waived this issue.

Thus, the Court turns to the substantive arguments regarding failure to exhaust administrative remedies. To bring a Title VII suit, a plaintiff must have filed a timely EEOC charge and received a right to sue letter. *Allen v. City of Chicago*, 828 F. Supp. 543, 555 (N.D. Ill. 1993). However, certain exceptions to this rule exist: known as the single-filing rule or "piggybacking," "[p]arties who have not filed charges with the EEOC may join as co-plaintiffs or as class members in a civil action with plaintiffs who have filed EEOC charges." *Byas v. Union Pac. R.R. Co.*, No. 06-cv-0475-MJR, 2007 WL 1021976, at *2 (S.D. Ill. Apr. 3, 2007); *see also Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1017–18 (7th Cir. 1988) ("[P]laintiffs who have not timely filed a charge can rely on the timely charge of another plaintiff in a class action."); *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1158 (7th Cir. 1999) ("[O]nce a Title VII class action is up and running the class members are not required to inundate the EEOC with what amount to meaningless requests for right to sue letters."). There are limits to the single-filing rule: where the court determines that the original plaintiff is an inadequate class representative, another individual seeking to intervene as plaintiff cannot piggyback off of the original plaintiff's EEOC charge. *Robinson*, 167 F.3d at 1158; *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1246 (7th Cir. 1983).

Here, rather than using the EEOC charges of a co-plaintiff to satisfy their administrative exhaustion requirements, Plaintiffs argue that they should be able to use the EEOC charges of former named plaintiffs, now putative class members, who would still be properly involved as named plaintiffs had personal reasons not intervened. The Seventh Circuit has not yet addressed this specific question. Plaintiffs attempt to distinguish *Robinson* and *Wakeen* as situations where the original named plaintiffs were no longer members of the putative class. In *Robinson*, the district court found that the original named plaintiff was not suitable as a class representative prior to class certification, and the new plaintiff who wanted to replace the original had not filed an EEOC charge. 167 F.3d at 1156. In *Wakeen*, the district court found that the original named plaintiff's claims had no merit, and another plaintiff sought to intervene, even though the new plaintiff had not filed an EEOC charge. 724 F.2d at 1245–46. However, no Seventh Circuit case law supports the idea that a putative class member's EEOC charge obviates the need for a named plaintiff to have exhausted his or her administrative remedies. Plaintiffs contend that the Seventh Circuit supported this in *Romasanta v. United Airlines*, but that decision is easily distinguishable. In *Romasanta*, the district court did not allow the case to proceed as a class action, although the original named plaintiffs ultimately received settlements for their claims. 537 F.2d 915, 917 (7th Cir. 1976). For obvious reasons, those plaintiffs decided not to appeal the adverse class determination, and the Seventh Circuit allowed another individual from the class to intervene, despite the fact that this new individual had not filed the prerequisite EEOC charge. *Id.* at 917. In so ruling, the appellate court was concerned that refusing class members the opportunity to appeal in this situation "would permit one member of the class to obtain benefits greater than other members." *Id.* at 919. However, as in *Wakeen*, here the original plaintiffs "did not abdicate at a point where the suit had gone far enough to affect the rights of

6

other class members." 724 F.2d at 1246 (distinguishing *Romasanta*). At this motion to dismiss stage, where the Court has yet to make any class determinations, there is not the same concern for equality among potential class members, nor is there a risk that the named plaintiffs will be able to capitalize on this ruling for better treatment than the other putative class members.

The reasoning in *Robinson* further supports the concept that the stage of the litigation determines whether named plaintiffs may rely on potential class members. There, the court's reasoning was based on the fact that no class action existed when the new non-charge-filing plaintiff came into the case. *Robinson*, 167 F.3d at 1158 ("There was no class representative who had dropped the baton for [the new plaintiff] to pick up; [the original plaintiff] had never been approved as the class representative. [The new plaintiff's] suitability as class representative had thus to be determined independently of [the original plaintiff]."). Similarly, the Court has not certified the class in this case. None of the Plaintiffs have filed an EEOC charge or received a right to sue letter from the EEOC. At this stage in the litigation, with all of the original plaintiffs withdrawn as named plaintiffs from the case, there simply is not a single filer on whom Plaintiffs can piggyback their claims.

Plaintiffs cite *Dukes v. Wal-Mart Stores* in support of their position. No. 3:01-cv-02252-CRB, 2015 WL 3623481 (N.D. Cal. June 10, 2015). In that unreported decision from the Northern District of California, the court decided that the current plaintiffs could piggyback off of the EEOC charge of a former named plaintiff turned putative class member. *Dukes*, 2015 WL 3623481, at *2. The former named plaintiff was no longer named because her claim was dismissed for improper venue. *Id.* This citation is unpersuasive because it is directly at odds with the Seventh Circuit's holdings in *Robinson* and *Wakeen*. "[A] class member who does not meet the procedural prerequisites for waging a Title VII suit may not . . . take over as the sole

7

class representative for someone who initiates but is not legitimately able to continue a class action. To hold otherwise would make a mockery of the concept of a right to sue and of the procedures by which one obtains the right." *Wakeen*, 724 F.2d at 1246. The former named plaintiff in *Dukes* was not able to legitimately continue the class action. The Court is bound by its circuit precedent, as *Dukes* would be, had it been brought in this circuit, and *Wakeen* clearly compels a different outcome than the one that occurred in *Dukes*. In light of this, the Court does not find *Dukes* persuasive.

In addition, given that this is Plaintiffs' *seventh* crack at a complaint, the Court dismisses these claims with prejudice. Courts should freely give plaintiffs leave to amend. Fed. R. Civ. P. 15(a)(2). However, "[l]eave to replead need not be allowed in cases of repeated failure to cure deficiencies by amendments previously allowed." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) (citation omitted) (internal quotation marks omitted). Plaintiffs have been amending their complaint for five years, and the parties previously raised the issue of administrative exhaustion.[3] *See* Doc. 320 at 5. Even though there were two different plaintiffs when the Court last decided the issue, Plaintiffs should have known that their complaint needed at least one named plaintiff who had exhausted his or her administrative remedies. The last two times Plaintiffs sought leave to amend their complaint, the Court advised them that they would have no more opportunities to amend their complaint. *See* Doc. 320 at 4 ("This will be the final amendment and no further amendments will be permitted"); Doc. 537 at 1 ("Plaintiffs would have no further opportunities to change their claims and theories"). Moreover, unlike at the point of the last amendment, discovery has already closed and would need to be reopened to

---

[3] In fact, Plaintiffs argue that the Court already decided this issue in their favor and should not address it again. This argument has no merit: the Court decided that Plaintiff Green could rely on the EEOC charges of his co-plaintiffs, who have since dropped out of the case. The law of the case doctrine only applies where "a court has actually decided the issue in question" and so is inapplicable here. *See Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007).

allow Plaintiffs to cure the problems in the 6AC and add a new plaintiff. In light of this, the Court finds it inappropriate to allow yet another amendment of the complaint, and so the Court dismisses the Title VII claims (counts III – VI) with prejudice and strikes the class allegations regarding these claims.

## II. GSB's Motion to Dismiss Counts I and II

GSB brings a separate motion to dismiss Plaintiffs' claims pursuant to 42 U.S.C. § 1981, arguing that the fact that a client company acts as a joint employer with a staffing agency does not sufficiently establish a contractual relationship between the client company and the plaintiff employee to establish a claim under § 1981. GSB cites recent decisions by courts outside of the Seventh Circuit as compelling support for its arguments. In making this argument, GSB assumes that, to establish a claim under § 1981, the plaintiff must allege that the defendant interfered with a contractual relationship between those exact two parties. This is incorrect.

Section 1981 provides that all persons have the same right "to make and enforce contracts," which includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship" so long as the plaintiff would have had rights under the proposed contractual relationship. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006). "In the employment context, the statute prohibits an employer from discriminating against a job applicant or an employee on the basis of race." *Hunt v. Personnel Staffing Grp., LLC*, No. 16-CV-11086, 2018 WL 1014513, at *3 (N.D. Ill. Feb. 22, 2018). At-will employment constitutes a contractual relationship under § 1981. *See Walker v. Abbott Labs.*, 340 F.3d 471, 476 (7th Cir. 2003).

9

Looking to the details of the 6AC, Plaintiffs allege that they sought work through MVP's Cicero Branch at one of MVP's client companies. Doc. 466 ¶¶ 46, 50, 53. One of those client companies was GSB. Doc. 466 ¶ 20. However, GSB directed MVP not to send African American laborers to work at GSB. Doc. 466 ¶ 24. If MVP did refer African American laborers to GSB, GSB gave those laborers "one-off assignments" and "the worst jobs with the most unpleasant working conditions." Doc. 466 ¶ 32. This claim is simple: Plaintiffs sought at-will employment through a temporary staffing agency with various client companies. Further, the client company acted as a joint employer and a principal of the staffing agency. At-will employment sufficiently constitutes a contractual relationship to allege a claim under § 1981. *Walker*, 340 F.3d at 476. Thus, Plaintiffs have established that they sought a contractual relationship—and sufficiently pled that GSB interfered with the formation of that relationship.

GSB incorrectly focuses on the party on the other end of Plaintiffs' potential contract. Plaintiffs do not need to allege that GSB interfered with the creation of a contract between Plaintiffs and GSB. To satisfy the requirements of § 1981, the contractual relationship involved need not be between the plaintiff and the defendant; "it may rest on discriminatory interference by the defendant with the plaintiff's contractual relationship (or attempt to create a contractual relationship) with a third party." *Hunt*, 2018 WL 1014513, at *4. The Seventh Circuit has clearly established that a third party's interference with a contract can support civil rights claims under § 1981. *Id.* (collecting cases). Here, Plaintiffs have sufficiently pleaded that GSB interfered with their enjoyment of the benefits and privileges of a potential contract with MVP when GSB sought to limit Plaintiffs' job opportunities through MVP. Plaintiffs have also sufficiently pleaded that GSB interfered with a potential contract with GSB when GSB prevented the formation of at-will employment with GSB by directing MVP not to send Plaintiffs to GSB.

*See Hunt*, 2018 WL 1014513, at *5 n.6. But what matters here is that Plaintiffs have clearly and unambiguously alleged that GSB interfered with Plaintiffs' formation of a contract, and that is sufficient to maintain a claim under § 1981.

The two decisions outside of the Seventh Circuit on which GSB relies are unnecessary distractions here, where binding case law makes clear that Plaintiffs' allegations are sufficient to withstand a motion to dismiss. According to GSB, these cases clear up the lack of Seventh Circuit case law on this issue, which the Court acknowledged in its decision denying Defendants' motion to dismiss the third amended complaint. In that opinion, the Court noted a lack of decisions applying the joint employer theory to a failure to hire claim, not a lack of decisions regarding whether a contract or potential contract existed. *See* Doc. 105 at 6. And the two cases cited by Defendants are inapplicable. First, in *Faush*, the plaintiff employee had already been placed by a staffing agency with the defendant client company, and the Third Circuit focused on the fact that the record contained no indication that the plaintiff had entered into or attempted to enter into a contract with the client company. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 220 (3d Cir. 2015). The plaintiff apparently did not argue that the client company interfered with any existing or potential contractual rights. *Id.* This is much different from the situation here, where the 6AC does allege that GSB interfered with contractual rights.

The other case that GSB cites contradicts the Seventh Circuit precedent that at-will employment constitutes a contractual relationship under §1981. *Banks v. St. Francis Health Ctr., Inc.*, No. 15-CV-2602-JAR, 2016 WL 1298056 (D. Kan. Mar. 31, 2016). In *Banks*, as in *Faush*, a staffing agency had already placed the *Banks* plaintiff with a client company, and the plaintiff alleged claims against the client company. *Banks*, 2016 WL 1298056, at *1. Although the plaintiff alleged facts to establish that she was an at-will employee of the client company, the

11

Kansas district court held that there was nothing to suggest that the plaintiff had a contract with the client company (or the staffing agency, for that matter). *Id.* at *1, 6. This is directly at odds with the Seventh Circuit's holding that at-will employment provides an adequate basis for a plaintiff's § 1981 claim, and thus is not persuasive. *See Walker*, 340 F.3d at 476. In light of the unpersuasive nature of Defendants' citations, as well as the fact that Plaintiffs have properly pleaded that GSB interfered with a potential contract under Seventh Circuit precedent, the Court denies GSB's motion to dismiss counts I and II.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss counts III through VI of the Sixth Amended Complaint [487] and strikes the class allegations related to those counts, but denies GSB's motion to dismiss counts I and II [489]. The Court dismisses counts III through VI and the class allegations related to the Title VII claims with prejudice. In light of this decision, the Court denies Defendants' motion to deny class certification [493] as moot and orders that the Plaintiffs resubmit their motion for class certification [557] within a week of the Court issuing this order.

Dated: April 23, 2018

_____
SARA L. ELLIS
United States District Judge