IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES ZOLLICOFFER, ANTWOIN HUNT, and NORMAN GREEN, on behalf of themselves and similarly situated laborers,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOLD STANDARD BAKING, INC., PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL d/b/a MVP,<br><br>    Defendants. | Case No. 13 C 1524<br><br>Judge Ellis<br><br>Magistrate Judge Kim |

**DEFENDANTS PERSONNEL STAFFING GROUP, LLC AND GOLD STANDARD BANKING, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL THEIR JOINT OPPOSITION TO PLAINTIFFS' REVISED MOTION FOR CLASS CERTIFICATION AND THEIR MOTION TO STRIKE THE DECLARATION OF MARC BENDICK, Ph.D. AND EXHIBITS THERETO**

  Defendants, Personnel Staffing Group, LLC d/b/a Most Valuable Personnel d/b/a MVP ("MVP") and Gold Standard Baking, Inc. ("GSB" and collectively "Defendants"), by and through their undersigned attorneys, respectfully request this Honorable Court grant them leave to file under seal portions of their Joint Response in Opposition to Plaintiffs' Revised Motion for Class Certification ("Joint Opposition") and their Motion to Strike the Declaration of Marc Bendick, Ph.D. ("Motion to Strike"), as well as certain exhibits thereto. In support hereof, Defendants state as follows:

  1. The parties consented to the Agreed Confidentiality Order that was entered by this Court on September 23, 2013 (the "Order"). (*See* Dkt. 49.) Pursuant to the terms of the Order, the parties agreed not to disclose the following confidential information: (a) information prohibited from disclosure by statute; (b) information that revealed trade secrets; (c) research, technical, commercial or financial information that the party maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax

1

returns (including attached schedules and forms), W-2 forms and 1099 forms; and (g) personnel or employment records of a person who was not a party to the case ("Confidential Information"). *Id.* at ¶ 2.

2. Defendants' Joint Opposition contains several references to information that Plaintiffs' counsel has requested be kept confidential to protect privacy concerns of former and current named Plaintiffs, as well as third parties, and Defendants' counsel has agreed to comply with such requests.[1]

3. Additionally, exhibits 13, 19, 23, 26, D, J, and M to the Joint Response contain information that constitutes Confidential Information under the Order and/or information that Plaintiffs' counsel has requested be kept confidential. Specifically, those exhibits contain the following:

    a.    <u>Exhibit J to Exhibit 3</u>: This exhibit contains work-related emails exchanged between MVP employees concerning supplying laborers for MVP's third-party clients. Because this exhibit is comprised of commercial information that MVP maintained as confidential, it constitutes Confidential Information under the Order.

    b.    <u>Exhibit M to Exhibit 4</u>: This exhibit contains work-related emails exchanged between MVP employees concerning MVP's pay rates and third-party clients. Because this exhibit includes commercial information that MVP maintained as confidential, it constitutes Confidential Information under the Order.

    c.    <u>Exhibit 13</u>: This exhibit contains sections from the February 11, 2015 deposition of one of the original named Plaintiffs, Brian Lucas. Plaintiffs' counsel requested these sections be kept confidential to protect the privacy concerns of Mr. Lucas.

---

[1] Although Defendants' counsel do not concede that said information must be filed under seal.

      d.    <u>Exhibit D to Exhibit 14</u>: This exhibit contains the MVP employment records of named Plaintiff Norman Green. Because it includes personal identity information of Mr. Green (e.g., address and phone numbers), this exhibit constitutes Confidential Information under the Order.

      e.    <u>Exhibit 19</u>: This exhibit contains sections from the February 2, 2018 deposition of named Plaintiff James Zollicoffer. Plaintiffs' counsel requested these sections be kept confidential to protect the privacy concerns of Mr. Zollicoffer.

      f.    <u>Exhibit 23</u>: This exhibit contains sections from the November 16, 2017 deposition of Maria Carretero, a former GSB employee who is not a party to this case. These sections include information concerning Ms. Carretero's personnel records at GSB, and thus constitutes Confidential Information under the Order.

      g.    <u>Exhibit 26</u>: This exhibit contains a portion of a June 30, 2014 personnel record of a GSB employee. Because the employee is not a party to this case, this record constitutes Confidential Information under the Order.

    4.    Moreover, exhibits 2 and 3 to the Motion to Strike include information that constitutes Confidential Information under the Order. Specifically, those exhibits contain the following:

      a.    <u>Exhibit 2</u>: This exhibit contains the deposition of Marc Bendick, Jr., Ph.D. and exhibits thereto. Page 68 of Dr. Bendick's deposition (and exhibit 2 thereto) contain information from the personnel records of MVP employees who are not parties to this case. Accordingly, these sections constitute Confidential Information under the Order.

      b.    <u>Exhibit 3</u>: This exhibit consists of the Declaration of Carole M. Amidon, Ph.D. Tables 1 and 2 of this exhibit contain information from the personnel records of MVP employees

who are not parties to this case. Accordingly, such portions constitute Confidential Information under the Order.

5. Defendants have previously filed redacted versions of their Joint Opposition and Motion to Strike that redact the Confidential Information.

WHEREFORE, Defendants, Personnel Staffing Group, LLC d/b/a Most Valuable Personnel d/b/a MVP and Gold Standard Baking, Inc. respectfully request that this Honorable Court grant it leave to file under seal their Joint Opposition and Exhibits 13, 19, 23, 26, D, J, and M to their Joint Opposition, as well as Exhibits 2 and 3 to their Motion to Strike, and for such other and further relief as this Court deems proper.

Dated: July 6, 2018                               Respectfully submitted,

By: /s/ Michele D. Dougherty                      By: /s/ Blake T. Hannafan
Elliot Richardson                                  Blake T. Hannafan
erichardson@koreyrichardsonlaw.com                 HANNAFAN & HANNAFAN, LTD.
Michele D. Dougherty                               One East Wacker Drive, Suite 2800
mdougherty@koreyrichardsonlaw.com                  Chicago, Illinois 60601
KOREY RICHARDSON LLP                               (312) 527-0055
20 S. Clark St., Suite 500
Chicago, IL 60603
(312) 372-7075                                     /s/ Peter J. Gillespie
                                                   James J. Convery
Kenneth W. Gage                                    JConvery@lanermuchin.com
PAUL HASTINGS LLP                                  Clifford R. Perry, III
200 Park Avenue                                    CPerry@lanermuchin.com
New York, NY 10166                                 Peter J. Gillespie
kennethgage@paulhastings.com                       PGillespie@lanermuchin.com
(212) 318-6046                                     Laner Muchin, Ltd.
                                                   515 North State Street, Suite 2800
Alex J. Maturi                                     Chicago, Illinois 60654
PAUL HASTINGS LLP                                  (312) 467-9800
71 S. Wacker Drive
Chicago, IL 60606                                  *Attorneys for Defendant*
alexmaturi@paulhastings.com                        *Gold Standard Baking, Inc.*
(312) 499-6076

*Attorneys for Defendant Personnel Staffing*
*Group, LLC d/b/a Most Valuable Personnel*

4

5