IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES ZOLLICOFFER, ANTWOIN HUNT, and NORMAN GREEN, | |
| Plaintiffs, | Case No. 13 C 1524 |
| v. | Judge Sarah L. Ellis |
| GOLD STANDARD BAKING, INC., PERSONNEL STAFFING GROUP, LLC d/b/a MVP, | Magistrate Judge Young B. Kim |
| Defendants. | |

**PLAINTIFFS' MOTION TO WITHDRAW ANTWOIN HUNT AS A PROPOSED REPRESENTATIVE OF THE PUTATIVE CLASS**

Plaintiffs hereby move the Court for leave to withdraw Named Plaintiff Antwoin Hunt as a proposed representative of the putative class. In support of this Motion, Plaintiffs state as follows:

1. On April 7, 2017, Plaintiffs sought to amend their Complaint and substitute James Zollicoffer and Antwoin Hunt as named Plaintiffs in this matter for former Named Plaintiffs Brian Lucas and Aronzo Davis. Dkt. 410. On August 9, 2017, the Court granted Plaintiffs' Motion. Dkt. 465. Mr. Hunt is also a named Plaintiff in two other similar matters alleging race discrimination involving placements from the Personnel Staffing Group, LLC d/b/a MVP ("MVP") to MVP's client companies. *See Hunt, et al., v. Personnel Staffing Group, LLC, et al.*, Case No. 16 C 11086 (N.D. Ill. J. Tharp) and *Lucas, et al. v. Vee Pak, Inc., et al.*, Case No. 12 C 09672 (N.D. Ill. J. Tharp).

2. Plaintiff Hunt has found that his obligations as a Named Plaintiff in these three matters to be overwhelmingly and he seeks to withdraw as a named Plaintiff and putative class

representative in this matter.[1] As a temporary laborer, Mr. Hunt has found his life to be somewhat chaotic. Since becoming involved in these cases, Mr. Hunt has had to move four different times. Earlier this year, Mr. Hunt was married and moved with his new wife to Texas where he is raising three of his children while continuing to provide for his family as a staffing agency worker.

3. Mr. Hunt's chaotic life, repeated moves and recent relocation to Texas and the ensuing personal obligations that accompanied these changes have interfered with his ability to attend to the demands of this litigation. This became apparent yesterday during a deposition of Mr. Hunt in the *Vee Pak* matter, where Mr. Hunt realized he had failed to disclose his involvement in two prior lawsuits. During his deposition in the *Vee Pak* matter, Defendants[2] questioned Mr. Hunt about a civil rights lawsuit against the City of Chicago from 2011. *Hunt v. Roth, et al.*, Case No. 11 C 04697 (N.D. Ill. J. Marovich). During the deposition, Mr. Hunt acknowledged that he had overlooked this case in responding to written discovery requests. *See* Dec. 21, 2019 Declaration of Christopher J. Williams ("Williams Decl., ¶_"), ¶ 6, attached Ex. A. Mr. Hunt further acknowledged that he had overlooked a Chapter 13 bankruptcy petition he had filed *pro se* in 2014.[3] *Id.,* ¶7. During a lunch break, when pressed further by his counsel, Mr. Hunt also recalled he had also been involved in a workers' compensation matter in the early 2000's. *Id*., ¶8.

4. Magistrate Judge Kim had previously found Mr. Hunt's lack of attention to his discovery obligations in this matter to be troubling and, while deciding against imposing the "draconian measure of dismissal", imposed monetary sanctions against Mr. Hunt for his failure to meet his discovery obligations. Dkt. No. 592, at 5-6.

---

[1] Mr. Hunt seeks to continue to be a putative class member in this matter.

[2] MVP is a common Defendant in these three matters.

[3] Mr. Hunt's bankruptcy petition was ultimately denied for a failure to file certain documents.

5. In light of Mr. Hunt's prior discovery deficiencies and his recognition that other circumstances in his life have made it even more difficult to meet his discovery obligations as a class representative in this litigation, he has requested that he be withdrawn as a class representative of the putative class in this action. *Id.,* ¶ 9.

6. Mr. Hunt's withdrawal as a proposed representative of the putative class will not alter the ability of the remaining proposed class representatives to satisfy the requirements of Fed. R. Civ. P. Rule 23. As detailed in Plaintiffs' pending motion for class certification, *see* Dkt. 699, Norman Green and James Zollicoffer encountered the same barriers to obtaining work assignments from MVP's Cicero Office as did members of the proposed class and seek the same relief, as they challenge Defendants' policy or practice of severely restricting the assignment of African-American laborers for work at Defendant Gold Standard Baking ("GSB"). Moreover, Messrs. Green and Zollicoffer were available and sought work from Defendant Most Valuable Personnel's ("MVP") Cicero Office throughout the class period. Therefore, their claims are typical of the claims advanced by members of the putative class. In addition, Messrs. Green and Zollicoffer have consistently participated in this litigation, assisting counsel in prosecuting this putative class action for several years and fully and diligently participating in the discovery undertaken in this action. *See also* Dkt. 700, Mem., at 26-30, 36-37 and Dkt. 714, Reply, at 19-31. Thus, these two Named Plaintiffs have served, and will continue to serve, as adequate representatives of the putative class. Accordingly, Plaintiffs respectfully ask the Court to grant this motion to allow Mr. Hunt to withdraw as a proposed representative of the putative class and find that Messers Green and Zollicoffer satisfy the typicality and adequacy requirements of Rule 23. In the event the Court certifies the proposed class, Mr. Hunt requests that he be permitted to participate in this action as an absent class member.

Dated: December 21, 2019

Respectfully submitted,

*/s/ Christopher J. Williams*
Christopher J. Williams
National Legal Advocacy Network
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Joseph M. Sellers
Shaylyn Cochran
Harini Srinivasan
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
East Tower - Suite 500
Washington, D.C. 20005
(202) 408-4600

Plaintiffs' Counsel